United States District Court

For the Northern District of California

1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   INTERNET PATENTS CORPORATION,
    f/k/a INSWEB CORPORATION,

10                                              No. C 12-05036 JSW

            Plaintiff,

11

        v.

12                                              **ORDER GRANTING**
    THE GENERAL AUTOMOBILE                      **DEFENDANTS' MOTION TO**
13  INSURANCE SERVICES, INC. d/b/a THE          **DISMISS**
    GENERAL, PERMANENT GENERAL
14  ASSURANCE CORPORATION, and
    PERMANENT GENERAL ASSURANCE
15  CORPORATION OF OHIO,

16          Defendants.
                                            /
17

18          Now before the Court is the motion to dismiss filed by Defendants, The General

19  Automobile Insurance Services, Inc., d/b/a The General, Permanent General Assurance

20  Corporation, and Permanent General Assurance Corporation of Ohio (collectively,

21  "Defendants").  Having considered the parties' papers, relevant legal authority, and the record

22  in this case, the Court finds the matter suitable for disposition without oral argument.  *See* N.D.

23  Civ. L-R 7-1(b).  Therefore, the hearing date of October 4, 2013 is HEREBY VACATED.  The

24  Court GRANTS the Defendants' motion to dismiss with prejudice.

25                              **BACKGROUND**

26          Defendants move to dismiss this suit on the basis that the Plaintiff's patent infringement

27  claims must fail as a matter of law because the asserted patent, United States Patent No.

28  7,707,505 ("the '505 Patent") entitled "Dynamic Tabs for a Graphical User Interface," is invalid

1    under 35 U.S.C. § 101 for lack of patent-eligible subject matter.

2          The Court shall address additional facts as necessary in the remainder of this Order.

3                                          **ANALYSIS**

4    **A.      Applicable Legal Standards.**

5          A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

6    pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in

7    the light most favorable to the non-moving party and all material allegations in the complaint

8    are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  However, even

9    under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

10   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

11   conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

12   *Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S.

13   265, 286 (1986)).

14          Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but

15   must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at

16   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

17   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18   *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (citing *Twombly*, 550 U.S. at 556).  "The

19   plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

20   possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are

21   merely consistent with a defendant's liability, it stops short of the line between possibility and

22   plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal

23   quotation marks omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

24   does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

25   'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

26   the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 544.  If the allegations are

27   insufficient to state a claim, a court should grant leave to amend, unless amendment would be

28

**United States District Court**
For the Northern District of California

1   futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss*

2   *& Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

3          To state a claim for patent infringement, "a patentee need only plead facts sufficient to

4   place the alleged infringer on notice.  The requirement ensures that the accused infringer has

5   sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself."

6   *Phonometrics, Inc. v. Hospitality Franchise System, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

7   **B.      Patent Eligibility.**

8          **1.      Principles of Patent Eligibility and Abstractness.**

9          Under 35 U.S.C. § 101, the scope of patentable subject matter includes "any new and

10  useful process, machine, manufacture, or composition of matter, or any new and useful

11  improvement thereof."  Notwithstanding the broad scope of Section 101, there are three

12  important and judicially-created exceptions to patentability.  "Laws of nature, natural

13  phenomena and abstract ideas are not patentable." *Bilski v. Kappos*, --- U.S. ---, 130 S. Ct.

14  3218, 3225 (2010); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, --- U.S. ---, 132 S. Ct.

15  1289, 1301 (2012).  These principles are not patent-eligible because "they are the basic tools of

16  scientific and technological work," which are "free to all men and reserved exclusively to

17  none." *Mayo*, 132 S. Ct. at 1293 (citations omitted).

18         Many courts use the "machine-or-transformation" test to determine whether a patent

19  falls into one of these categorical exceptions.  Under this test, a "claimed process is surely

20  patent-eligible under § 101 if: (1) it is tied to a particular machine or apparatus; or (2) it

21  transforms a particular article into a different state or thing." *Bilski*, 130 S. Ct. at 3224

22  (citations omitted).  Although the test is not dispositive, is it still an "important and useful clue."

23  *Id*. at 3226.

24         Beyond the machine-or-transformation test, a reviewing court is obligated to "hew

25  closely to established precedents in this area to determine whether an invention falls within one

26  of the exceptions to § 101's broad eligibility." *OIP Technologies, Inc. v. Amazon.com, Inc.*,

27  2012 WL 3985118, at *5 (N.D. Cal. Sept. 11, 2012) (citing *Bilski*, 130 S. Ct. at 3231).

28  "Whether a claim recites patent-eligible subject matter is a question of law." *See id*. (citing

United States District Court

For the Northern District of California

1 *DealerTrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012); *CyberSource Corp. v. Retail*

2 *Decisions, Inc.*, 654 F.3d 1366, 1369 (Fed. Cir. 2011)).

3          The Federal Circuit has cautioned that "the 'disqualifying characteristic' of abstractness

4 must exhibit itself 'manifestly' 'to override the broad statutory categories of patent eligible

5 subject matter.'" *CLS Bank Int'l v. Alice Corp.*, 685 F.3d 1341, 1349 (Fed. Cir. 2012) (internal

6 citations omitted). Section 101 "does not permit a court to reject subject matter categorically

7 because it finds that a claim is not worthy of a patent." *Research Corp. Techs. v. Microsoft*

8 *Corp.*, 627 F.3d 859, 868 (Fed. Cir. 2010). The reason for the exceptions to eligibility rest on

9 the presumption undergirding the patent system, which "represents a carefully crafted bargain

10 that encourages both the creation and the public disclosures of new and useful advances in

11 technology, in return for an exclusive monopoly for a limited period of time." *Highmark, Inc.*

12 *v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1324 (Fed. Cir. 2012) (quoting *Pfaff v. Wells*

13 *Elecs., Inc.*, 525 U.S. 55, 63 (1998)). "A patentee does not uphold his end of this 'bargain' if he

14 seeks broad monopoly rights over a basic concept, fundamental principle, or natural law without

15 a concomitant contribution to the existing body of scientific and technological knowledge." *Id.*

16          **2.**      **Procedural Posture and Question of Prematurity**.

17          First, Plaintiff contends that Defendants' motion to dismiss is premature because the

18 Court has not yet construed any of the claims in the disputed patent. However, Plaintiff fails to

19 explain how a claims construction would fundamentally alter the analysis of subject matter

20 patentability. Further, there are many courts that have considered Section 101 eligibility at the

21 motion to dismiss stage, prior to conducting a claims construction. *See, e.g., OIP Technologies*,

22 2012 WL 3985118, at *5 (citing other cases). Where, as here, the basic character of the claimed

23 subject matter is readily ascertainable from the face of the patent, the Court finds that it may

24 determine patentability at the motion to dismiss stage. *See, e.g., Cardpool, Inc. v. Plastic*

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    *Jungle, Inc.,* 2013 WL 245026, at \*4 (N.D. Cal. Jan. 22, 2013).  Accordingly, the Court finds

2    the question of patentability appropriate at this procedural posture.[1]

3               **3.       Application of Section 101 to '505 Patent.**

4               The '505 Patent claims the exclusive right to allow the use of a conventional web

5    browser Back and Forward navigational functionalities without data loss in an online

6    application consisting of dynamically generated web pages.  (Patent at Abstract.)  The '505

7    Patent also discloses an intelligent user interface for "re-entrant editing; error trapping,

8    flagging, and correction" although these applications are not specifically claimed.  (*Id.*)  The

9    Patent identifies the problem of a user having to re-enter all or part of the information required

10   by an online application, in this case for applications to receive insurance.  To differentiate

11   itself from the prior art, the Patent allegedly expands on the conventional aspects of the then-

12   current multi-page online application forms by "maintain[ing] virtual applications information,

13   relative dependencies, and information context obtained and/or derived from each pane by the

14   user/applicant."  ('505 Patent at 9:60-63.)  On its face, the '505 Patent purports to propose a

15   solution to a well-known problem regarding user navigation in online multi-page application

16   forms.  However, the Patent does not actually disclose or recite an example of the solution to

17   this problem.  The mere abstract idea that an invention could address the challenges of retaining

18   information lost in the navigation of online forms fails to satisfy the requirements of

19   patentability and renders the Patent is ineligible under § 101.  The Court finds that by setting

20   out the abstract idea of a known technological challenge without setting out any specific

21   disclosures, the Patent "added no elements or combination of elements, sometimes referred to as

22   the inventive concept, sufficient to ensure that the patent in practice amounts to significantly

23   more than a patent upon the natural law [or the abstract idea]."  *Mayo*, 132 S. Ct. at 1294.

24

25

26

───────────────

27          [1]  In addition, the Court finds Plaintiff's argument that the Court should wait until
     resolution of the *en banc* appeal in *CLS Bank* unavailing as the current state of the law
28   provides that Defendants' motion to dismiss is not premature.  (*See* Opp. Br. at 7-10, citing
     *CLS Bank Int'l v. Alice Corp.*, No. 11-1301 (Fed. Cir. argued Feb. 8, 2013).)

**4.**     **Machine-or-Transformation Test.**

In response to the argument that the Patent merely recites the challenge, but fails to propose a discrete and new technological solution, Plaintiff contends that its claims are patent-eligible under the machine-or-transformation test based on the position that each claim and the desired result require computer implementation.  However, the "mere implementation on a computer of an otherwise ineligible abstract idea will not render the asserted 'invention' patent eligible."  *CLS Bank*, 685 F.3d at 1351 (citing *Fort Properties Inc. v. American Master Lease LLC*, 671 F.3d 1317, 1322 (Fed. Cir. 2012) ("[A]n abstract concept cannot be transformed into patentable subject matter merely because of connections to the physical world."); *see also Dealertrack*, 674 F.3d at 1333 ("Simply adding a 'computer aided' limitation to a claim covering an abstract concept, without more, is insufficient to render the claim patent eligible.").

Here, although the platform of the invention is computer-based as the technology relates to online applications systems, Plaintiff has failed to show how the desired result of the patent is coupled with or integrated into a specific process.  The addition of a computer limitation does not transform the abstract idea into a patentable invention.

Accordingly, Plaintiff's claims fail as a matter of law because the asserted patent is invalid under 35 U.S.C. § 101 for lack of patent-eligible subject matter.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with prejudice. A separate judgment shall issue and the Clerk shall close the file.  In addition, because the patent upon which the related cases are dependent has been declared invalid, the Court shall issue orders to show cause in those matters regarding dismissal for invalidity (cases nos. 12-5035 JSW, 12-6505 JSW, and 12-6506 JSW).  *See Barkeij v. Lockheed Aircraft Corp.*, 201 F.2d 1, 2 (9th Cir. 1954) (citations omitted) (holding that "it is the duty of the court to dismiss a

///

///

///

///

United States District Court

For the Northern District of California

1  patent infringement suit whenever it affirmatively appears that the patent is invalid.").

2      **IT IS SO ORDERED.**

3

4  Dated:    September 24, 2013



JEFFREY S. WHITE
5                                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California